

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOYLE DETIVEAUX                                                                  PLAINTIFF

VS.                                     CIVIL ACTION NO. 1:14cv340LG-RHW

PREMIER ENTERTAINMENT BILOXI LLC                  DEFENDANT
d/b/a HARD ROCK HOTEL & CASINO BILOXI

## COMPLAINT

COMES NOW, Doyle Detiveaux, by and through counsel and files this Complaint against Premier Entertainment Biloxi, LLC d/b/a Hard Rock Hotel & Casino Biloxi, as follows:

### PARTIES

1. Plaintiff, Doyle Detiveaux, is an adult, resident citizen of Houma, Louisiana.

2. Premier Entertain Biloxi LLC is a foreign limited liability company incorporated under the laws of Delaware doing business as the Hard Rock Hotel & Casino Biloxi and may be served with process through its registered agent, Todd Raziano, at 777 Beach Boulevard, Biloxi, Mississippi 39530.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $75,000.00.

4. This Court has personal and subject matter jurisdiction over Premier.

5. Venue is proper in the Court.

### JURY TRIAL DEMANDED

## **FACTS**

6. Detiveaux is 62 years old and owns Doylco, a wholesale industrial supply business.

7. Detiveaux began attending the Hard Rock Casino in Biloxi, Mississippi in approximately 2006.

8. Detiveaux became a member of the Hard Rock Casino's Players Club and was awarded a Double Platinum Hall of Fame Encore Players Pass, which is the highest level of the Players Club.

9. The Hard Rock Casino invited Detiveaux to its gaming hall and hotel on numerous occasions.

10. On numerous occasions the Hard Rock Casino "comped" Detiveaux, i.e., did not require Detiveaux to pay for his room, dinner and entertainment.

11. On September 7, 2013, Detiveaux visited the Hard Rock Casino as a comped guest with two rooms, dinner and concert tickets. Accompanying Detiveaux on this particular trip to the Hard Rock were his wife Beverly Detiveaux, step-daughter Courtney Pinel, step-son-in-law Jeremy Pinel, and Detiveaux's client, Donny Thibodaux, and his wife, Cindy Thibodaux.

12. Around 9:38 p.m., after dinner and the concert, Detiveaux and Jeremy Pinel entered a Progressive Three Card Poker game, sitting in seats next to one another. Thibodaux was seated approximately three seats down from Detiveaux and Pinel. Detiveaux, Pinel and Thibodaux played Progressive Three Card Poker for approximately one hour.

13. At approximately 10:56 p.m., the Dealer dealt three cards to each player at the table. Detiveaux and Pinel reviewed their hands. At this point, each player had three cards.

14. Detiveaux was dealt a Five-of-Hearts, Six-of-Hearts, and Seven-of-Hearts, i.e., a straight flush. Pinel was dealt a Two-of-Diamonds, Nine-of-Hearts and Six-of-Clubs. David Kingman, Mississippi Gaming Commission Division Director II, later confirmed that these were the hands dealt to Detiveaux and Pinel.

15. Detiveaux placed his winning hand in the "Play" area and placed a wager on top of his cards. Because Detiveaux knew he possessed a winning hand, he gave the dealer a $50 tip and thanked the dealer for dealing Detiveaux a straight flush. At the same time, Pinel folded his hand, i.e., discarded his cards.

16. The Dealer turned over Pinel's discarded hand, a Nine-of-Hearts and Two-of-Diamonds, and realized only two cards were present. The Dealer asked about the location of Pinel's third card.

17. Searching for Pinel's third card, Detiveaux removed his "Play" wager from his stack of cards, picked up his cards, and found Pinel's third card, Six-of-Clubs, accidentally discarded on top of Detiveaux's stack. Detiveaux then discarded the useless fourth card, and replaced his original winning hand back in the "Play" area.

18. Around 10:57 p.m., the Dealer turned Detiveaux's hand over and dropped the straight flush on the table. The Dealer called a casino supervisor to the table. The Progressive Three Card Poker game was shut down.

19. Upon information and belief, Hard Rock contacted Mississippi Gaming Commission about the incident. Apparently casino employees believed Detiveaux and Pinel may have engaged in "card switching."

20. Detiveaux insisted repeatedly that the surveillance tapes would show that the dealer dealt a straight flush.

21. Detiveaux's client, Mr. Thibodaux, was present at the table when Detiveaux was accused of cheating.

22. Around 11:42 p.m., Detiveaux and Pinel were approached by three security guards, demanding that Detiveaux and Pinel accompany the guards. Detiveaux asked to be paid for his winning hand before agreeing to follow the guards and the reason to accompany the security guards.

23. Because no explanation was given as to why Detiveaux needed to accompany the guards nor why he was not paid, Detiveaux refused to accompany the guards. Two of the three security guards then knocked over a chair near Detiveaux, thereby striking Detiveaux's wife, and grabbed Detiveaux.

24. One of the security guards then forcibly dragged Detiveaux across the casino floor and placed him in extremely tight handcuffs. The guards did not double lock the handcuffs which caused further tightening of the handcuffs on Detiveaux's wrists.

25. The security guards placed Detiveaux and Pinel in a small locked holding cell, where two of the guards continued to stand outside the door. The handcuffs were kept on Detiveaux, although he was in a secured room guarded by two guards and did not present a threat.

26. After approximately one hour in the holding cell, Detiveaux's hands became numb. Detiveaux asked Pinel to knock on the door and to ask the guards to remove the handcuffs.

27. Detiveaux continued to plead with the guards to have the handcuffs removed, but his requests were ignored.

28. Because Detiveaux's arm had become completely numb and his neck and back were in extreme pain Pinel called the 911 operator at 12:29 a.m. on September 8, 2013.

29. The 911 operator stated that a police officer would arrive at the Hard Rock Casino in 5 to 10 minutes.

30. At 12:40 a.m. when no officer had arrived and with Detiveaux's pain worsening, Pinel called the 911 operator again. During this call the 911 operator stated that the police officer had been dispatched to the Hard Rock, was presently talking with casino personnel and would see Detiveaux momentarily.

31. Despite the 911 operator's assurances, the police officer failed to appear while Detiveaux continued experiencing excruciating pain. At 12:55 a.m. Pinel called 911 again and at the same time a Biloxi police officer entered the holding cell.

32. The Biloxi police officer explained to Detiveaux and Pinel that he could not do anything about the handcuffs being too tight. The officer stated that the handcuffs were put on Detiveaux by the Hard Rock and the handcuffs would have to be removed by the Hard Rock.

33. The officer confiscated cellphones from both Detiveaux and Pinel and left the holding cell.

34. At approximately 2:17 a.m., after being unreasonably detained for two and a half hours, Detiveaux was escorted from the holding cell and evicted from the Hard Rock Casino and Hotel. Hard Rock told Detiveaux never to return to their property.

35. Upon information and belief, Hard Rock turned over the matter to the Biloxi Police Department. No criminal charges were filed by the District Attorney's office or the Hard Rock.

36. Detiveaux has suffered and will continue to suffer damages, including but not limited to past and future medical expenses, disfigurement and scarring, loss of income, loss of wage earning-capacity, pain and suffering, and embarrassment. Detiveaux's injuries required surgery on his left elbow due to a pinched ulna nerve, which caused numbness and weakening of Detiveaux's left (dominant) hand.

## COUNT I

### NEGLIGENCE

37. Detiveaux reasserts the allegations of the foregoing paragraphs.

38. Hard Rock owed a duty to Detiveaux, an invitee, to keep the premises reasonably safe.

39. Hard Rock breached that duty owed to Detiveaux by not using reasonable care to protect its invitees.

40. The actions of Hard Rock constitute actionable negligence.

41. The negligence of Hard Rock included policies allowing for the actions taken against Detiveaux, *respondeat superior*, and the hiring, training and supervising individuals that committed the torts and violations of rights referenced.

42. Detiveaux has suffered and will continue to suffer physical injuries including, but not limited to, nerve damage, lost feeling and use of his left hand. Detiveaux has encountered extensive medical expenses, including surgery costs.

43. Because of the negligent actions of Hard Rock, Detiveaux has suffered non-economic damages, pain and suffering, as well as economic damages, including but not limited to loss of wage earning capacity, in an amount yet to be determined.

## COUNT II

*ASSAULT/BATTERY*

44. Detiveaux reasserts the allegations of the foregoing paragraphs.

45. Hard Rock without proper grounds, willfully and wrongfully handcuffed and detained Detiveaux for an extended period of time without just cause. Hard Rock intended to cause an offensive contact and therefore put Detiveaux in an imminent apprehension of such contact. Such harmful contact actually occurred. The injuries suffered by Detiveaux were inflicted while he presented no immediate threat.

46. Because of the assault and battery, Detiveaux has suffered non-economic damages as well as economic damages in an amount yet to be determined.

*COUNT III*

*FALSE ARREST*

47. Detiveaux reasserts the allegations of the foregoing paragraphs.

48. Hard Rock falsely, unlawfully and maliciously arrested Detiveaux by placing a restraint on his freedom of movement and handcuffing his hands behind his back.

49. As a direct and proximate result of the wrongful detention of Detiveaux, Hard Rock is liable to Detiveaux for non-economic damages as well as economic damages in an amount yet to be determined.

*COUNT IV*

*FALSE IMPRISONMENT*

50. Detiveaux reasserts the allegations of the foregoing paragraphs.

51. As a result of the security guards handcuffing Detiveaux and placing him in a locked holding room, Detiveaux was confined against his will and was prevented from leaving the room by force for a period of approximately two and a half hours.

52. As a direct and proximate result of the wrongful detention of Detiveaux, Hard Rock is liable to Detiveaux for non-economic damages as well as economic damages in an amount yet to be determined.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Detiveaux reasserts the allegations of the foregoing paragraphs.

54. Hard Rock and its security guards intentionally caused severe emotional distress to Detiveaux by their willful, wanton, extremely reckless and indifferent conduct, including but not limited to engaging in a senseless physical detention of Detiveaux using excessive force which directly led to Detiveaux's severe bodily injuries.

55. The actions of the Hard Rock and its guards go far beyond all bounds of decency and were done with the purpose of inflicting emotional distress and fear.

56. The aforesaid actions by the Hard Rock were so outrageous in character and extreme in degree that a reasonable person would regard such conduct as atrocious and as being utterly intolerable in a civilized community.

57. As a direct and proximate result of the wrongful actions of Hard Rock, it is liable to Detiveaux for non-economic damages as well as economic damages in an amount yet to be determined.

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Detiveaux reasserts the allegations of the foregoing paragraphs.

59. Hard Rock wrongfully detained Detiveaux and kept him in extremely tight handcuffs for over two and a half hours. The Hard Rock ignored Detiveaux's request to have the

handcuffs loosened. Consequently, Detiveaux has suffered and will continue to suffer harm and damages as alleged herein. The Hard Rock Casino caused Detiveaux foreseeable mental anguish, emotional distress and humiliation.

60. As a direct and proximate result of the wrongful detention of Detiveaux, Hard Rock is liable to Detiveaux for non-economic damages as well as economic damages in an amount yet to be determined.

## COUNT VII

### GROSS NEGLIGENCE

61. Detiveaux reasserts the allegations of the foregoing paragraphs.

62. Hard Rock acted with gross negligence and/or the intentional, willful and reckless disregard for the rights of Detiveaux.

63. The gross negligence and/or willful, intentional and reckless disregard for the rights of Detiveaux subject Hard Rock to punitive damages.

### REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Doyle Detiveaux, respectfully requests the following relief:

A. Compensatory damages from Defendant in an amount to be determined;

B. Punitive damages from Defendant in an amount to be determined;

C. Reasonable expenses and costs;

D. Reasonable attorneys' fees;

E. Any other relief deemed proper.

Plaintiff prays for such other relief to which it may be entitled in law, as the Court deems just and proper.

Respectfully submitted this the 29th day of August, 2014.

                                               **DOYLE DETIVEAUX**

                                               */s/ W. Lee Watt*

                                               **One of His Attorneys**

OF COUNSEL:

W. Lee Watt (MSB #6998)
Angela N. Kelly (MSB #104187)
Gibbs Whitwell & Travis PLLC
1400 Meadowbrook Rd
Suite 100
Jackson, Mississippi 39211
Telephone: (601) 487-2640
Facsimile: (601) 366-4295
lwatt@gibbswhitwell.com
akelly@gibbswhitwell.com